IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY W. SAUNDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:20-cv-456-WKW-JTA |
| ) | |
| JOHN Q. HAMM, Commissioner, ) | |
| Alabama Department of Corrections, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

Plaintiff Timothy W. Saunders ("Saunders") is a death-row inmate in the custody of the Alabama Department of Corrections ("ADOC"). Presently, Mr. Saunders has no scheduled execution date. He filed this action, pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution and his statutory rights under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").[1] His claims proceed against the Commissioner of ADOC, the Warden of Holman Correctional Facility, the Attorney General of the State of Alabama, all in

---

[1] On February 17, 2022, the Court dismissed Plaintiff's Eighth Amendment method-of-execution claim challenging the constitutionality of Alabama's three-drug, lethal injection protocol. (Doc. No. 24.)

their official capacities, and the ADOC ("Defendants").  He seeks declaratory and injunctive relief against the Defendants.

On August 3, 2022, the Court referred this case to the undersigned for pre-trial management.  A magistrate judge is authorized to resolve non-dispositive, pretrial matter matters, including discovery disputes.  *See* Fed. R. Civ. P. 72(a).

Before the Court is Plaintiff's Motion to Compel Production of Documents from Defendant Steve Marshall (Doc. No. 56); Plaintiff's Motion to Compel Compliant Privilege Log from Defendants (Doc. No. 64); Plaintiff's Motion to Compel Production of Documents from Non-Party, Governor Kay Ivey (Doc. No. 66); Plaintiff's Motion to Overrule Objections and to Compel Defendant Alabama Department of Corrections to Respond to First Set of Interrogatories (Doc. No. 70); and the Office of the Governor's Provisional Motion to Modify Subpoena (Doc. No. 71).  The Court heard oral argument on the motions on March 16, 2023.

## II.  DISCUSSION

**A.    Plaintiff's Motion to Compel Production of Documents from Defendant Steve Marshall**

This motion concerns Plaintiff's First Set of Requests for Production of Documents ("RFP") served to Defendant Attorney General Steve Marshall on August 19, 2022.  (Doc. No. 56-1.)  Plaintiff served a separate RFP to each Defendant.  When responding to these RFPs, all four Defendants responded in a consolidated response, rather than in four separate responses.  Plaintiff was

2

displeased with a consolidated response because he thought it was unclear from the response which defendant was responding to which RFP. At Plaintiff's request, Defendants supplemented and revised their responses, carving out Defendant Steve Marshall's responses to these RFPs in a separate response, with the other three Defendants' responses being consolidated in one response.

Plaintiff is satisfied with the RFP responses divided into two groups. However, Plaintiff contends that after Defendant Steve Marshall submitted his individual RFP responses, it became apparent that his responses are deficient. As support for this argument, Plaintiff states that he served forty-one RFPs to Defendant Marshall and that to date, he has produced only seventeen documents in response. Plaintiff advises that Defendant Marshall also withheld six documents as privileged and identified them in a privilege log. Plaintiff seeks an order requiring Defendant Marshall to: "(1) conduct an exhaustive search for responsive documents, and (2) produce, in their entirety, previously undisclosed or withheld documents." (Doc. No. 56 at 1.)

The Court heard extended oral argument on this motion and questioned the parties at length. Consequently, Defendant Marshall agreed to continue his search for responsive documents and the parties agreed to work jointly on the parameters of the search. This motion is taken under advisement at this time.

3

**B.     Plaintiff's Motion to Compel Compliant Privilege Log from Defendants**

As noted above, Plaintiff sent separate RFPs to each Defendant. In responding to these RFPs, each Defendant withheld some documents as privileged. However, each Defendant did not identify these withheld documents in a separate privilege log as to each Defendant. Instead, the four Defendants submitted a joint privilege log that contains 1,191 entries. (Doc. No. 64-1.) Plaintiff asserts that none of entries on the joint privilege log identifies which Defendant is claiming the privilege asserted. Plaintiff also contends that this privilege log has other deficiencies.

In a nutshell, Plaintiff argues: "The privilege log in this case makes broad claims of privilege for 1,191 documents without support or information other than a bald declaration that a privilege (or "confidential[ity]") applies." (Doc. No. 64 at 4.) The subject privileges are (1) attorney-client; (2) work product doctrine; (3) deliberative process privilege; and (4) common interest doctrine.

In response to the motion, Defendants submitted a revised joint privilege log (Doc. No. 74-1) which corrected the deficiency Plaintiff raised concerning 61 documents on the log that were previously not identified as privileged. However, Plaintiff argues that Defendants did not address his other concerns with the joint privilege log. (Doc. No. 74 at 2.)

The Court heard extensive argument on this motion, and the Court questioned the parties at length about the deficiencies in the joint privilege log.

While Defendants' revised joint privilege log (Doc. No. 74-1) may have corrected the deficiencies as to 61 of the 1,191 documents, the joint privilege log remains deficient as to the other 1,130 documents, as it fails to identify the party asserting the privilege and the privilege being asserted. Nonetheless, Defendants have agreed to revise the joint privilege log and Plaintiff has agreed to the proposed revisions. Accordingly, Plaintiff's Motion to Compel Compliant Privilege Log from Defendants will be granted to the extent that Defendants are directed to further revise the joint privilege log by adding a tab which (1) identifies the defendant asserting the privilege, (2) identifies the privilege being asserted as to each document, and (3) identifies the defendant related to each RFP included in the log. Defendants shall submit an amended revised joint privilege log by 5:00 p.m. on March 24, 2023.

**C. Plaintiff's Motion to Compel Production of Documents from Non-Party, Governor Kay Ivey**

On December 9, 2022, Plaintiff issued a subpoena to the Office of the Governor, State of Alabama, requesting the production of: "All documents regarding attorney billing rates, exceeding the statutory cap provided for in Ala. Code 41-16-72, for Deputy Attorneys General David Boyd and Michael Edwards in *Braggs v. Dunn*, 2:14-cv-601- (M.D. Ala.) from 2014 to present." (Doc. No. 66 at 9-12.) The subpoena gave the Governor's Office thirty days to comply. The Governor's Office did not object or move to quash or modify the subpoena.

On the due date, January 9, 2023, the Governor's Office produced thirty-four documents, three of which contained redactions.

Plaintiff moved to compel the Governor's Office to produce the three redacted documents without the redactions, arguing that since the Governor did not object within in the time prescribed by Fed. R. Civ. P. 45(d)(2)(B), the Governor has waived any objection she could have raised, and she must be ordered to produce the documents without redactions.

In response, the Governor's Office argues that the Governor timely responded to the subpoena, producing the documents on the due date and that the redacted information is privileged information, protected by various privileges. The Governor's position on the privileges has evolved over time, but at bottom, the Governor's Office persists that the redacted information is privileged, that the Governor did not waive any privilege, but that if she did, she has shown good cause for the waiver, and she notes that the court has the discretion to uphold the privilege applicable. (Doc. No. 71.)

Additionally, the Governor's Office provisionally moved, pursuant to Fed. R. Civ. P. 45(d)(3)(a)(iii), "to modify Plaintiff's subpoena to exclude the disclosure of any privileged communications or information, to the extent such a motion is necessary to protect the redacted, privileged communications at issue."

6

(Doc. No. 71 at 2.) Plaintiff did not respond to the provisional motion to modify the subpoena.

Plaintiff is directed to file a response to the Governor's provisional motion to modify the subpoena (Doc. No. 71) by 5:00 p.m. on March 17, 2023. Plaintiff's motion to compel the production of documents from the Governor's Office is taken under advisement pending the Court's consideration of Plaintiff's response to the provisional motion to modify subpoena.

**D.   Plaintiff's Motion to Overrule Objections and Compel Responses to Interrogatories from Defendant Alabama Department of Corrections**

On September 2, 2022, Plaintiff served his First Set of Interrogatories to Defendant Alabama Department of Corrections ("ADOC"). They contained ten Interrogatories. (Doc. No. 70-1.) Plaintiff is dissatisfied with the ADOC's response to Interrogatory Nos. 1, 2, and 7. (Doc. No. 70-2.) He has moved the Court to overrule the ADOC's objections to these Interrogatories and to compel it to answer them.

The Court heard extensive argument from counsel on this motion, including a detailed explanation from Stephanie Smithee, ADOC's counsel and Litigation Manager, as to the state of ADOC's litigation records and the search she undertook to answer the three Interrogatories at issue. During the course of the dialogue between the parties on this motion to compel, the parties reached a stipulation as to Interrogatory Nos. 1 and 2. Plaintiff agreed to this stipulation

7

during oral argument. Plaintiff's motion to overrule objections and to compel thus is moot as to Interrogatory Nos. 1 and 2.

The remaining interrogatory at issue, Interrogatory No. 7, and the ADOC's answer thereto is set out below:

> **7. Identify all ADOC employees who had direct communication with Warden of Holman Correctional Facility, Cynthia Stewart in May and June of 2018 regarding Alabama Code § 15-18-82.1(b)(2) and the Nitrogen Hypoxia Election Form.**
>
> Defendant objects to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and the deliberative-process privilege. Without waiving these objections, Defendant states as follows:
>
> Ms. Stewart spoke with Captain Jeff Emberton, who was then a correctional captain at Holman Correctional Facility, and with ADOC legal counsel during the relevant period. She recalls speaking with someone from ADOC headquarters about the identified issue during this period, but she cannot recall the name or title of the person with whom she spoke.

(Doc. No. 70-2.)

Upon hearing argument of counsel and questioning the parties, the ADOC is ordered to supplement its response to Interrogatory No. 7 with greater specificity by describing in detail the search methods it undertook to answer this interrogatory and the identity of the ADOC legal counsel referenced therein. The ADOC shall supplement its response by 5:00 p.m. on March 17, 2023. Plaintiff's motion to compel as to Interrogatory No. 7 is taken under advisement pending the Court's review of the ADOC's forthcoming supplemental response.

### III. CONCLUSION

Accordingly, it is ORDERED as follows:

1. Plaintiff's Motion to Compel Production of Documents from Defendant Steve Marshall (Doc. No. 56) is TAKEN UNDER ADVISEMENT.

2. Plaintiff's Motion to Compel Compliant Privilege Log from Defendants (Doc. No. 64) is GRANTED to the extent that Defendants are directed further to revise the joint privilege log by adding a tab which (1) identifies the defendant asserting the privilege, (2) identifies the privilege being asserted as to each document, and (3) identifies the defendant for each RFP. Defendants shall submit an amended revised joint privilege log to Plaintiff by 5:00 p.m. on March 24, 2023.

3. Plaintiff's Motion to Compel Production of Documents from Non-Party, Governor Kay Ivey (Doc. No. 66) is TAKEN UNDER ADVISEMENT pending the Court's consideration of Plaintiff's response to the provisional motion to modify subpoena.

4. Plaintiff shall file a response to the provisional motion of the Governor's Office to modify Plaintiff's subpoena (Doc. No. 71) by 5:00 p.m. on March 17, 2023.

5. Plaintiff's Motion to Overrule Objections and Compel Responses to Interrogatories from Defendant Alabama Department of Corrections (Doc. No.

70) is DENIED AS MOOT as to Interrogatory Nos. 1 and 2.  The motion is TAKEN UNDER ADVISEMENT as to Interrogatory No. 7, pending the Court's consideration of the ADOC's forthcoming supplemental answer to this interrogatory.

6. The ADOC shall submit its supplemental answer to Plaintiff's Interrogatory No. 7 by 5:00 p.m. on March 17, 2023.

7. This matter is set for a status conference before the undersigned on April 6, 2023 at 1:00 p.m.

DONE this 17th day of March, 2023.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE